McIlvaine, J.
On February 17, 1879, Reese L. Baldwin executed a chattel mortgage to Daniel Biteler, to secure the *126 payment of money, and on the same day Biteler duly filed the same in the office of the township clerk, with a statement thereon, under oath, of the amount of the claim so secured, and that it was just and unpaid. On September 16,1879, Biteler made another affidavit upon said chattel mortgage, similar to the first affidavit, and refiled said mortgage with the second affidavit thereon, with the' township clerk. On February 28, 1880, Reese Baldwin purchased the chattels so mortgaged to Biteler, from Reese L. Baldwin, in good faith and without actual notice of said chattel mortgage, and on June 8, 1880, sold the same to one Hines and took a chattel mortgage on the same property, to secure the purchase-money; which mortgage, duly verified, was on the same day duly filed with the same township clerk. As between these mortgages the district court gave priority to the second, which ruling Biteler now assigns for error.
By section 4154, Revised Statutes, the mortgagee in a chattel mortgage, given to secure the payment of money, is required, before the mortgage is filed, to state thereon, under oath, the amount of the claim and that it is just and unpaid. And section 4155 provides, “ Every mortgage so filed shall be void, as against the creditors of the person making the same, or against subsequent purchasers or mortgagees in good faith, after the expiration of one year from the filing thereof, unless, within thirty days next preceding the expiration of the said term of one year, a true copy of said mortgage, together with a statement, verified as provided in the last section, exhibiting the interest of the mortgagee in the property at the time aforesaid, claimed by virtue of such mortgage, is again filed in the office where the original was filed.” The claim of plaintiff in error is, that the verification and refiling of his mortgage on September 16, 1879, was equivalent to an original filing, and thereby the lien of his mortgage became valid, as against subsequent purchasers in good faith, for one full year after the date of refiling; and, in support of this claim, relies on Swift v. Hart 12 Barb. 530. This ease holds, under a statute similar to ours, that a verification and refiling, after the expiration of a year from the original filing, revives the lion as *127 against subsequent purchasers. This doctrine was questioned in the subsequent case of Newell v. Warner, 44 Barb. 258.
It is, however, expressly decided, in National Bank v. Sprague, 20 N. J. Eq. 18, that, in order to preserve the lien of a chattel mortgage beyond the first year, the refiling a copy required by law must be done during the thirty days immediately preceding the expiration of the year. A refiling before the commencement of the thirty days is unavailing.
As an original question upon the construction of our own statute, we think the court below was right.
The mortgage of plaintiff in error, when filed on February 17, 1879, became a valid lien, as against Reese Baldwin, purchaser from Reese L. Baldwin, for one year.
By the plain words of the statute, that mortgage became void as to the purchaser after the expiration of one year from the date of its filing, unless within thirty days next preceding the expiration of the year, it was re-verified and re-filed, as provided by the statute. There was no such re-verification and refiling within said thirty days. The verification and refiling on September 16, 1879, had no effect under the statute. Such refiling was not intended by the parties, nor did it have the effect, in law, of destroying the lien which commenced on February 17, neither did it create a new or additional lien, under the same instrument, on the same property, for the same claim.

Motion overruled.